<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| SHAWNIQUE HUDSON, : <br> : <br> Petitioner, : <br> : <br> v. : <br> : <br> ATLANTIC COUNTY PROSECUTOR, : <br> ATLANTIC COUNTY POLICE : <br> DEPARTMENT, AND ATLANTIC : <br> COUNTY SUPERIOR COURT, : <br> : <br> Respondents. : | Civ. No. 22-5553 (RMB) <br><br> **OPINION** |

RENÉE MARIE BUMB, UNITED STATES DISTRICT JUDGE

Petitioner Shawnique Hudson, a former pretrial detainee in the Atlantic County Justice Facility ("ACJF") in Mays Landing, New Jersey, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, alleging that she was arrested and forced to plead guilty without being charged with a crime, and the state court refused to vacate her guilty plea. Her sentencing was scheduled for November 4, 2022. (Pet., Docket No. 1.) On December 6, 2022, Petitioner advised the Court of her new address—she is no longer in custody—and she has a new sentencing date of December 16, 2022. (Docket No. 4). For relief, she seeks dismissal of the state court prosecution. (Docket No. 1 at 7). This matter is now before the Court for screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States

District Courts.[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." SECT 2254 Rule 4.

I.   DISCUSSION

Generally, federal habeas corpus is primarily a post-conviction remedy for state prisoners. *Moore v. DeYoung*, 515 F.2d 437, 441–42 (3d Cir. 1975) (citations omitted). Although courts have "jurisdiction under 28 U.S.C. § 2241 to issue a writ of habeas corpus before a criminal judgment is entered against an individual in state court, [courts] should execute jurisdiction "sparingly" to prevent federal pretrial interference of "'the normal functioning of state criminal processes.'" *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting *Moore*, 515 F.3d at 445–46). Unless a detainee presents extraordinary circumstances, district courts should not exercise pretrial habeas jurisdiction without the exhaustion of state court remedies. *Id.*

To exhaust state court remedies, a petitioner must "invoke[e] one complete round of the state's established appellate review process" before he can present his claim to the federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In New Jersey, one must "first presen[t] the claims to the state trial and appellate courts, and

---

[1] The Rules Governing Section 2254 Cases in the United States District Courts are applicable to cases under 28 U.S.C. § 2241 pursuant to Rule 1(b), the scope of the Rules.

in a petition for review in the New Jersey Supreme Court." *Lincoln v. Owens*, No. 16-990(RMB), 2016 WL 884641, at *2 (D.N.J. Mar. 8, 2016) (citing *Johnson v. Pinchak*, 392 F.3d 551, 556 (3d Cir. 2004)).

Petitioner alleges that she was arrested, detained and charged with a criminal offense without probable cause, and forced to plead guilty, in violation of her right to due process. She is now out of custody but soon to be sentenced, and potentially returned to custody. There is nothing extraordinary about this claim that requires federal court interference in the state criminal process.   State courts have the authority to address federal constitutional claims in criminal prosecutions. Thus, Petitioner must exhaust her state court remedies before seeking habeas relief.

II.     CERTIFICATE OF APPEALABILITY

A petitioner may not appeal from a final order denying relief from her state court detention unless he has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1), (2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when ... jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Jurists of reason would not find it debatable that Petitioner must exhaust her state court remedies before seeking habeas relief in federal court for her due

process claim(s). Therefore, a certificate of appealability is denied.

## III.  CONCLUSION

In the accompanying Order filed herewith, the Court will dismiss the habeas petition without prejudice because Petitioner has not exhausted her constitutional claims in the states courts, and she has not presented extraordinary circumstances that would justify pretrial habeas relief.

**Dated:  December 15, 2022**

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**
